IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| MARVEL MA | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. 11-3048-CV-S-RED |
| | ) | |
| THE BOARD OF GOVERNORS OF | ) | |
| MISSOURI STATE UNIVERSITY | ) | |
| Defendant | ) | |

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Marvel Ma, for his causes of action against defendant The Board of Governors of Missouri State University ("MSU"), states as follows:

### Parties

1. Plaintiff is a permanent citizen and resident of the United States. Plaintiff is a permanent resident of Michigan. Plaintiff is Chinese (Asian).

2. Defendant MSU is a state university in Springfield, Missouri created under the statutes of the State of Missouri. Pursuant to Missouri statute, RSMO 174.040(1) and 174.450, MSU is governed by its Board of Governors, which is the entity authorized to be sued.

### Claims, Jurisdiction and Venue

3. Plaintiff asserts a federal claim of race/national origin discrimination under Title VII, and a claim of tortious interference under applicable state law.

4. Federal subject matter jurisdiction over plaintiff's federal causes of action is conferred upon the Court by 28 USC 1331 and 42 USC 2000e-5. The Court has supplemental jurisdiction over plaintiff's state law claim under 28 USC 1367(a).

5. Venue is conferred upon the Court within this federal judicial district pursuant to 28 USC 1391(b).

1

## Count 1
## Race / National Origin Discrimination – Title VII

6. Plaintiff is a former "employee" of defendant MSU.

7. Defendant is an "employer" as defined in and is subject to Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000e et seq. Defendant was plaintiff's former employer, and/or was plaintiff's joint employer.

8. Plaintiff was first hired by the defendant MSU in August 2006 to work as an adjunct business instructor at the LNU-MSU College of International Business, which is a joint venture college program in Dalian, China between MSU and Liaoning Normal University (LNU).

9. The original Agreement between Southwest Missouri State University (SMSU, predecessor to and now known as Missouri State University) and LNU provides that defendant would approve or provide qualified instructors for agreed upon programs at LNU.

10. Effective June 5, 2009, plaintiff entered into a contract with LNU-MSU College of International Business for the 2009-2010 school year of August 5, 2009 through January 15, 2010 and February 15, 2010 through June 30, 2010. The contract provided that LNU-MSU could terminate the contract only upon mutual consent, or if, among other things, plaintiff failed to fulfill his teaching obligations under the contract.

11. Administrators of defendant MSU, acting within the scope and course of their employment, and either acting alone or acting in concert with LNU administrators, unilaterally terminated plaintiff's contract and employment effective October 29, 2009, without the mutual consent of plaintiff, for the stated but undocumented reason of "repeated class absences", which is a completely false and pretextual reason. The termination letter is printed on LNU-MSU letterhead and is signed by Michael Coutts (MSU Acting Associate Dean), on behalf of himself and Stephen H.

2

Robinette (Assistant Provost) and Dan T. Shepherd (former Associate Dean), all of whom were plaintiff's superiors in his chain of command. All are also white/Caucasian Americans.

12. When plaintiff pressed for further information and documentation supporting the reason for termination, defendant and its agents refused to provide any, and in fact fabricated additional false and pretextual reasons for plaintiff's termination.

13. At all relevant times, plaintiff was qualified for his position and his job performance was satisfactory and exceeded defendant's reasonable and legitimate standards and expectations. Plaintiff complied with all attendance requirements for the position.

14. Defendant discriminated against plaintiff because of his race/national origin (Chinese/Asian).

15. Prior to and after termination, Shepherd had discriminated against plaintiff with respect to various terms, conditions and privileges of plaintiff's employment, including but not limited to a imposing a heavier teaching schedule, scheduling plaintiff's classes on days not previously agreed upon, refusing to provide plaintiff with a teaching assistant(s), making racial insults to plaintiff and other Chinese employees, omitting plaintiff from important email communications, spreading false rumors about plaintiff, threatening plaintiff's employment, withholding plaintiff's wages and compensation, making derogatory comments about China and the Chinese people, and promoting Caucasians over more qualified Chinese/Asian employees or applicants. Coutts and Robinette ratified and supported Shepherd's conduct toward plaintiff based on Shepherd's false information about plaintiff.

16. As a direct and proximate result of defendant's discriminatory employment practices, plaintiff sustained and in the future will continue to sustain substantial monetary damages in the form of lost wages and benefits (including those resulting from plaintiff's contract not being renewed annually through the present date and beyond, as plaintiff reasonably anticipated it would be) and other actual damages, all in an amount exceeding $300,000; and general non-monetary

damages in the form of emotional and mental distress and anguish, humiliation, and embarrassment, all in an amount exceeding $300,000.

17. Plaintiff has exhausted all of his administrative remedies under Title VII and all conditions precedent to the institution of this lawsuit have been fulfilled, including but not limited to the filing of EEOC Charge number 28E-2010-01186, which is incorporated herein by reference. The original Complaint was timely filed within 90 calendar days of plaintiff's receipt of a right-to-sue notice from the EEOC (dated November 4, 2010 but actually received by plaintiff on or about November 9, 2010).

18. Defendant's actions were taken in an outrageous, willful, wanton, fraudulent and malicious manner and in evil and reckless disregard for and indifference to plaintiff's rights, thereby entitling plaintiff to an award of punitive damages to punish defendant and to deter similar misconduct in the future by this and other employers, in an amount exceeding $300,000.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment on Count 1 in his favor and against defendant, and award plaintiff the relief requested in plaintiff's Prayer for Relief.

### Count 2
### Tortious Interference

19. Plaintiff incorporates by reference paragraphs 1-5 of this Complaint.

20. Plaintiff was first hired in August 2006 to work as an adjunct business instructor at the LNU-MSU College of International Business, which is a joint venture college program in Dalian, China between MSU and Liaoning Normal University (LNU).

21. The original Agreement between Southwest Missouri State University (SMSU, predecessor to and now known as Missouri State University) and LNU provides that defendant would approve or provide qualified instructors for agreed upon programs at LNU.

22. Effective June 5, 2009, plaintiff entered into a contract with LNU-MSU College of International Business for the 2009-2010 school year of August 5, 2009 through January 15, 2010

4

and February 15, 2010 through June 30, 2010. The contract provided that LNU-MSU could terminate the contract only upon mutual consent, or if, among other things, plaintiff failed to fulfill his teaching obligations under the contract. Administrators of defendant MSU, specifically Michael Coutts (MSU Acting Associate Dean), Stephen H. Robinette (Assistant Provost) and Dan T. Shepherd (former Associate Dean), had actual knowledge of plaintiff's contract and its terms.

23. MSU Administrators, specifically Coutts, Robinette, Shepherd, acting within the scope and course of their employment with MSU, and acting in concert among themselves and possibly with LNU Administrators, unilaterally terminated plaintiff's contract and employment effective October 29, 2009, without the mutual consent of plaintiff, for the stated but undocumented reason of "repeated class absences", which they knew to be a completely false and pretextual reason. The termination letter is printed on LNU-MSU letterhead and is signed by Michael Coutts on behalf of himself and Robinette and Shepherd, all of whom were plaintiff's superiors in his chain of command.

24. When plaintiff pressed for further information and documentation supporting the reason for termination, defendant MSU refused to provide any, and in fact fabricated additional false and pretextual reasons for plaintiff's termination.

25. At all relevant times, plaintiff was qualified for his position and his job performance was satisfactory and exceeded his employer LNU's reasonable and legitimate standards and expectations. Plaintiff complied with all attendance requirements for the position. Plaintiff reasonably expected that his contract would be honored through the end of the contract term and would be renewed for successive years as it had been in the past.

26. Defendant unlawfully, without justification, and in bad faith interfered with plaintiff's contract and his contractual rights thereunder by terminating his contract and employment effective October 29, 2009.

5

27. Defendant, through the actions of Shepherd, previously had interfered with plaintiff's contractual rights by, among other things, imposing a heavier teaching schedule, scheduling plaintiff's classes on days not previously agreed upon, refusing to provide plaintiff with a teaching assistant(s), making racial insults to plaintiff and other Chinese employees, omitting plaintiff from important email communications, spreading false rumors about plaintiff, threatening plaintiff's employment, withholding plaintiff's wages and compensation, making derogatory comments about China and the Chinese people, and promoting Caucasians over more qualified Chinese/Asian employees or applicants. Coutts and Robinette ratified and supported Shepherd's conduct toward plaintiff based on Shepherd's false information about plaintiff.

28. As a direct and proximate result of defendant's wrongful actions, plaintiff sustained and in the future will continue to sustain substantial monetary damages in the form of lost wages and benefits (including those resulting from plaintiff's contract not being renewed annually through the present date and beyond, as plaintiff reasonably anticipated and expected it would be) and other actual damages, all in an amount exceeding $300,000; and general non-monetary damages in the form of emotional and mental distress and anguish, humiliation, and embarrassment, all in an amount exceeding $300,000.

29. Defendant's actions were taken in an outrageous, willful, wanton, fraudulent and malicious manner and in evil and reckless disregard for and indifference to plaintiff's rights, and with actual and/or legal malice, thereby entitling plaintiff to an award of punitive damages to punish defendant and to deter similar misconduct in the future by this and other defendants, in an amount exceeding $300,000.

WHEREFORE, plaintiff respectfully requests that this Court enter judgment on Count 2 in his favor and against defendant, and award plaintiff the relief requested in plaintiff's Prayer for Relief.

## Prayer for Relief

30. Plaintiff respectfully requests that this Court enter judgment on Counts 1 and 2 herein in his favor and against defendant and:

    a. declare that the actions and decisions complained of in Count 1 are discriminatory employment practices in violation of Title VII, and that the actions complained of in Count 2 constitute tortious interference with plaintiff's contractual rights and reasonable expectations;

    b. restrain and permanently enjoin defendant from continuing to engage in or commit unlawful discriminatory employment practices as declared above;

    c. order defendant to reinstate plaintiff to his former position and/or to a substantially similar position with respect to salary, compensation, benefits, privileges, status and other rights and considerations, and/or award plaintiff front pay, and make plaintiff whole for all earnings he would have received but for defendant's discriminatory employment practices, including but not limited to back pay (lost wages), prejudgment interest thereon, and other lost fringe benefits, all in an amount exceeding $300,000;

    d. order defendant to take such affirmative action and steps as are necessary to ensure that the effects of its discriminatory employment practices as declared above are eliminated and do not continue to adversely affect plaintiff's employment opportunities in the future, including but not limited to removing all documents from plaintiff's official personnel files that reflect a false and pretextual reason for termination;

    e. award plaintiff compensatory damages for emotional distress in the amount of $300,000;

    f. award plaintiff punitive damages for both the Title VII violation and the tortious interference claim;

7

Case 6:11-cv-03048-BP   Document 42   Filed 07/15/12   Page 7 of 8

g. award plaintiff the costs of this action, including reasonable attorney's fees, court costs, and expert witness fees, if any;

h. award plaintiff compensation for the adverse tax consequences of a lump-sum multiple-year award for back pay in a single tax year; and

i. award plaintiff prejudgment interest on the amount of back pay awarded;

j. award such other relief permitted by law or equity as the Court deems necessary or appropriate.

## Demand for Jury Trial

31. Plaintiff demands trial by jury of all issues of fact in all Counts herein.

Respectfully submitted

*/s/ Jeffrey W. Bruce*
Jeffrey W. Bruce                    MO # 32857
2103 E. 195th St.
P.O. Box 797
Belton MO  64012-0797
TEL (816) 322-7400
FAX (816) 322-7402
E-mail   bruce.law@att.net

ATTORNEY FOR PLAINTIFF

## Certificate of Service

I certify that a true copy of this pleading was served this date by ECF electronic notification on all counsel of record, in accordance with the Court's Local Rules.

Dated 07-15-2012                    */s/ Jeffrey W. Bruce*