UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARVEL MA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-3048-CV-S-RED |
| THE BOARD OF GOVERNORS OF MISSOURI STATE UNIVERSITY, | ) |
| Defendant. | ) |

THE BOARD OF GOVERNORS
OF MISSOURI STATE UNIVERSITY'S ANSWER
TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW The Board of Governors of Missouri State University (the "University") and for its Answer to Plaintiff's Second Amended Complaint and Demand for Jury Trial states:

1. The University is without information sufficient to form a belief as to the truth or falsity of paragraph 1 and therefore denies same.

2. The University admits that it is a public university with its main campus in Springfield, Missouri. The University further admits that it was created by Missouri statute. The University further admits that it is governed by its Board of Governors which is an entity with the capacity to sue and be sued pursuant to Missouri statutes. Except as so expressly admitted, the University denies the allegations in paragraph 2.

3. Paragraph 3 asserts a legal conclusion and not a factual statement, and the University therefore denies same.

4. Paragraph 4 asserts a legal conclusion and not a factual statement, and the University therefore denies same.

5. Paragraph 5 asserts a legal conclusion and not a factual statement, and the University therefore denies same.

## Count 1
## Race/National Origin Discrimination – Title VII

6. The University denies the allegations in paragraph 6.

7. Paragraph 7 asserts a legal conclusion and not a factual statement, and the University therefore denies same.

8. The University admits that in or about 2006, Plaintiff was hired by Liaoning Normal University ("LNU") to work at the LNU-MSU College of International Business in Dalian, China. Except as so expressly admitted, the University denies the allegations in paragraph 8.

9. The University states that the Agreement speaks for itself. Except as so expressly admitted, the University denies the allegations in paragraph 9.

10. The University admits that Plaintiff executed a contract dated June 5, 2009 with LNU and states that the contract speaks for itself. Except as so expressly admitted, the University denies the allegations in paragraph 10.

11. The University admits that Michael Coutts, Acting Associate Dean employed by and acting only on behalf of LNU, signed and sent to Plaintiff a letter on LNU-MSU College of International Business letterhead dated October 29, 2009, and further states that the letter speaks for itself. The University further admits that Michael Coutts, Stephen H. Robinette, and Dan T. Shepherd are, upon information and belief, white, Caucasian Americans. Except as so expressly admitted, the University denies the allegations in paragraph 11.

12. The University denies the allegations in paragraph 12.

13. The University denies the allegations in paragraph 13.

14. The University denies the allegations in paragraph 14.

15. The University denies the allegations in paragraph 15.

16. The University denies the allegations in paragraph 16.

17. Paragraph 17 asserts legal conclusions and not factual statements, and the University therefore denies same.

18. The University denies the allegations in paragraph 18.

## Count 2
## Tortious Interference

19. The University incorporates by reference all other numbered paragraphs in this Answer in response to paragraph 19.

20. The University admits that in or about 2006, Plaintiff was hired by Liaoning Normal University ("LNU") to work at the LNU-MSU College of International Business in Dalian, China. The University denies all remaining allegations in paragraph 20.

21. The University states that the Agreement speaks for itself. Except as so expressly admitted, the University denies the allegations in paragraph 21.

22. The University admits that Plaintiff executed a contract dated June 5, 2009 with LNU and states that the contract speaks for itself. The University is without information sufficient to form a belief as to what information the individuals listed in paragraph 22 had actual knowledge of. Except as to expressly admitted, the University denies the allegations in paragraph 22.

23. The University admits that Michael Coutts, Acting Associate Dean employed by and acting only on behalf of LNU, signed and sent to Plaintiff a letter on LNU-MSU College of International Business letterhead dated October 29, 2009, and states that the letter speaks for itself. Except as so expressly admitted, the University denies the allegations in paragraph 23.

24. The University denies the allegations in paragraph 24.

25. The University denies the allegations in paragraph 25.

26. The University denies the allegations in paragraph 26.

27. The University denies the allegations in paragraph 27.

28. The University denies the allegations in paragraph 28.

29. The University denies the allegations in paragraph 29.

30. The University states that paragraph 30 asserts a prayer for relief that the University is not required to answer. To the extent an answer is required, the University denies the allegations in paragraph 30 and its subparts.

## FURTHER ANSWERS AND AFFIRMATIVE DEFENSES

1. The University denies all allegations in the Second Amended Complaint that are not expressly admitted.

2. Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

3. Plaintiff has never been employed by the University and has no standing to assert a claim against the University.

4. The University specifically denies Plaintiff suffered any injuries as alleged. However, to the extent that Plaintiff may have suffered injury, Plaintiff's injuries were caused in whole, or in part, by Plaintiff or by third parties over whom the University has no control, and not by the University. The University denies that any of its employees, acting within the course and scope of their employment, caused any harm, injury, or damage to Plaintiff.

5. This Court lacks subject matter jurisdiction over Plaintiff's claims to the extent the Second Amended Complaint asserts allegations that exceed the scope of Plaintiff's Charge of Discrimination.

6. At all times material herein, the University's actions, if any, were taken in good faith based on the reasonable belief that its actions complied with all applicable laws and for good cause based on reasonable business judgment.

7. The University, in good faith, attempted to comply with its obligations under applicable laws, including, but not limited to, Defendant's adoption and implementation of policies to effectuate the same.

8. Plaintiff is not entitled to recover punitive damages because, to the extent Plaintiff experienced any unlawful employment practices (which the University denies), such unlawful employment practices were contrary to the University's good faith efforts to comply with all applicable anti-discrimination laws.

9. Plaintiff has failed to mitigate his damages, the existence and availability of which the University specifically denies. Upon information and belief, Plaintiff failed to use reasonable efforts or exercise reasonable diligence to avoid the damages alleged in the Second Amended Petition by, among other things, seeking employment, replacing his income, and taking advantage of opportunities available to him.

10. The University is entitled to a set-off or credit for all monies Plaintiff earned or received or could have earned or received through reasonable efforts during the relevant time period. Such setoff shall include, but not be limited to, all wages earned during the relevant time period as well as all recovery awarded by the Chinese judicial system in Plaintiff's action against LNU.

11. The doctrine of judicial estoppel prohibits Plaintiff from asserting that he was employed by the University because he persuaded the Chinese judicial system to rule in his favor and against LNU on a contradictory argument. The doctrine of judicial estoppel also prohibits Plaintiff from advancing any other factual statements or legal arguments that contradict those he advanced during legal or equitable proceedings against LNU in China.

12. Plaintiff's claims are barred because he failed to take advantage of corrective opportunities available to him. Plaintiff failed to avail himself of or utilize available remedies reasonably provided for in applicable guidelines and policies to address and remediate the University's alleged conduct. Specifically, Plaintiff had access to one or more reasonably accessible procedures by which alleged victims of discrimination and harassment could make their complaints known to appropriate officials who are in the position to respond to complaints, and Plaintiff unreasonably failed to use such procedures to report the alleged conduct asserted in the Second Amended Complaint.

13. The doctrines of res judicata, claim preclusion, claim splitting, collateral estoppel, issue preclusion, arbitration and award, release, and waiver bar Plaintiff's litigation of issues and claims that have already been resolved, or that could have been resolved, through the Chinese legal system, settlement, or otherwise.

14. Plaintiff's tortious interference claim is barred by the doctrine of sovereign immunity and the public duty doctrine. The University, as a body politic and subdivision of the State of Missouri, is immune from suit for tort damages.

15. The University reserves the right to assert and incorporate any additional affirmative defenses as may be revealed during the course of discovery.

16. The University hereby demands trial by jury on all claims and causes of action.

WHEREFORE, having fully answered all allegations in the Second Amended Complaint and having asserted affirmative defenses, the University prays that the Court enter final judgment on the claims asserted in the Second Amended Complaint against Plaintiff and in favor of the University; tax all costs and fees (including but not limited to attorneys' fees) to Plaintiff; and enter such other and further relief as the Court deems just and proper.

Respectfully submitted,

**TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C.**

*/s/ Ian P. Cooper*
Ian P. Cooper #32133
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 880-3600
Facsimile: (314) 880-3601
Email: icooper@tuethkeeney.com

-and-

*/s/ Ryan DeBoef*
Ryan DeBoef #57546
Missouri State University
901 South National Ave.
Carrington 205
Springfield, Missouri 65897
Telephone: (417) 836-8503
Facsimile: (417) 836-6777
E-mail: ryandeboef@missouristate.edu

**ATTORNEYS FOR DEFENDANT MISSOURI STATE UNIVERSITY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of July, 2012, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.


Jeffrey W. Bruce
Bruce Law Firm
2103 E. 195th Street
P.O. Box 797
Belton, MO  64012-0797
Phone:  (816) 322-7400
Fax: (816) 322-7402
bruce.law@att.net

                                                   */s/ Ian P. Cooper*
                                                   Attorney