**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| MARVEL MA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 11-3048-CV-S-RED |
| ) | |
| MISSOURI STATE UNIVERSITY, ) | |
| et al., ) | |
| Defendants. ) | |

**AMENDED SCHEDULING AND JURY TRIAL ORDER**

1. All discovery motions shall be filed on or before **August 1, 2013.**

2. All pretrial discovery authorized by the Federal Rules of Civil Procedure shall be completed on or before **August 1, 2013.** This means that all discovery shall be completed, not simply submitted, on the date specified by this paragraph. Accordingly, all discovery requests and depositions shall be submitted and/or scheduled prior to the date specified in this paragraph and shall allow sufficient time for completion within the time specified by the Federal Rules of Civil Procedure, the Local Court Rules, and/or orders of this Court.

The Court will not entertain any discovery motion absent full compliance with Local Rule 37.1. Any discovery motion filed without complying with Local Rule 37.1 will be denied. In the event that a teleconference is needed, my secretary may be reached at 417-865-3741. All teleconference requests should be directed to her. Each party to the dispute shall fax a description of the discovery dispute, not to exceed one page in length to the Court at 417-865-2618 and to other counsel at least three hours before the teleconference.

3. All dispositive motions, except those under Rule 12(h)(2) or (3), shall be filed on or before **September 3, 2013.** All motions for summary judgment shall comply with Local Rules 7.1

and 56.1.

6. All motions for extension of time pursuant to Rule 6(b) or Rules 31, 33, 34 and 36 must state:

   a. The date when the pleading, response or other action is/was first due;

   b. The number of previous extensions and the date the last extension expires;

   c. The cause for the requested extension, including a statement as to why the action due has not been completed in the allotted time; and

   d. Whether the requested extension is approved or opposed by opposing counsel (agreement by counsel of a requested extension is not binding on the Court).

7. This case is rescheduled for trial on a jury trial docket set to commence at **9:00 a.m. on January 13, 2014**, at the United States Courthouse in Courtroom #1, 3rd floor, in Springfield, Missouri.

8. A final pretrial conference in this case will be held at **2:00 a.m. on January 2, 2014, via telephone conference initiated by plaintiff; the Court's telephone number is 417-865-3741.** Lead trial counsel shall participate in this conference. The agenda for this conference will include discussion and consideration of the following:

   a. Identification of facts not in dispute to which the parties will stipulate, in order to save trial time;

   b. Identification of legal and factual issues to be tried;

   c. Disposition of pending motions;

   d. Any legal questions which must be resolved prior to trial;

   e. Length and schedule of trial;

   f. Voir dire procedure;

   g. Size of jury panel;

      h.      Needs for special equipment;

      i.      Suggestions by counsel to simplify and expedite the trial; and

      j.      Status and likely success of settlement negotiations.

9. All documents filed within ten (10) days prior to any pretrial conference shall be faxed, mailed or otherwise delivered to Chambers and other counsel by means calculated to effect delivery on a business day before the day of the conference or the applicable filing date whichever is earlier. All documents filed within ten (10) days prior to trial shall be faxed, mailed or otherwise delivered to Chambers and other counsel by means calculated to effect delivery on a business day before the first day of trial or the applicable filing date whichever is earlier.

10. The following documents shall be filed prior to the final pretrial conference:

      a.      Motions in limine shall be filed at least ten (10) business days prior to the final pretrial conference. Responses to motions in limine shall be filed at least three (3) business days prior to the final pretrial conference.

      b.      At least three (3) business days prior to the final pretrial conference, the parties shall file a joint stipulation of any uncontroverted facts. If no facts can be agreed upon, including facts related to the Court's subject matter jurisdiction, the parties shall file a joint statement to that effect.

      c.      At least three (3) business days prior to the final pretrial conference, each party shall file and serve a list of all witnesses who may be called at trial. If a witness is not listed by a party, that witness will not be permitted to testify absent leave of Court and then only for the purpose of unanticipated rebuttal or impeachment. After the time for filing lists of witnesses has expired, no supplemental or amended list will be filed without leave of Court and for good cause.

      d.      At least three (3) business days prior to the final pretrial conference, each party will file and serve a list of all exhibits which may be offered at trial. The parties shall additionally prepare and provide to the courtroom deputy an exhibit index, with said index being prepared on a form provided by the clerk's office. Each exhibit will be designated as either "Plaintiff's" or "Defendant's," numbered with an Arabic numeral and described following the enumeration. If an exhibit consists of more than one (1) page or part, the

number of pages or parts shall be included in the description. The exhibit number must be marked on each exhibit at the time of listing. It is not necessary to list exhibits to be used only for impeachment or rebuttal purposes. Except by leave of Court for good cause, no exhibit will be received in evidence which is not listed by the counsel offering the exhibit. After the time for filing lists of exhibits has expired, no supplemental or amended list of exhibits will be filed without leave of Court for good cause.

 e. At least three (3) business days prior to the final pretrial conference the parties shall file a stipulation setting forth those exhibits for which the identity and authenticity of the exhibit is not contested. This means counsel shall confer and review their respective exhibit lists sufficiently in advance of their filing date to enable them to prepare and file their stipulation.

 f. Ten (10) business days before the final pretrial conference, each party asserting an affirmative claim or claims for relief (plaintiff, third-party plaintiff, counterclaiming defendant, etc.), shall file and serve a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case.

 g. At least five (5) business days prior to the date the final pretrial conference is to be held, each party defending against an affirmative claim for relief shall file and serve:

  i. Any objections to proposed deposition testimony designated by any other party;

  ii. A designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties; and

  iii. A designation, by page and line number, of any deposition testimony to be offered in evidence as part of that party's case-in-chief in connection with such defense.

 h. On or before the day of the final pretrial conference, each party shall serve, file and deliver to all other parties its objections to any deposition testimony designated pursuant to subparagraphs g. ii. and iii. above.

11. The following documents shall be filed prior to trial:

 a. At least ten (10) business days prior to trial, the parties shall jointly submit an original (without sources) and an annotated (with sources) set of proposed jury instructions. Proposed annotated instructions shall reflect the authorities

upon which the instruction is based and should be taken from or drawn in the manner of *Model Civil Jury Instructions for the District Courts of the Eighth Circuit* and/or *Missouri Approved Instructions* (MAI) where available and appropriate. All instructions shall be designated as "Instruction No.____" without indicating which party proposed the instruction.

Parties shall also submit computer disks containing their original instructions. Disks should be 3-1/2" and the instructions should be typed in WordPerfect 5.1 or later versions.

The Court prefers to receive joint instructions from the parties. Separate instructions are appropriate only when the parties cannot agree upon a specific instruction. In that instance, counsel shall state in writing the reason for the objection with authority cited as well as an alternative instruction. The deadline for submitting objections and alternative proposed instructions is five (5) business days before the date of trial.

      b.    At least five (5) business days prior to the date of trial, counsel for each party may file a trial brief stating the factual and legal contentions for the party for whom the trial brief is filed.

      c.    At least ten (10) business days prior to the date of trial, counsel for each party shall file a list of proposed questions or topics counsel desires to be included in voir dire examination to be conducted by the Court. Objections to opposing party's voir dire questions shall be filed at least five (5) business days prior to trial.

12. The Court may place time limits on opening statements, and direct and cross-examination of all witnesses. Counsel should be prepared to support their representations as to the length of trial.

13. In order to ensure the efficient use of time during trial, the following rules of Court will be imposed:

      a.    All legal issues must be raised in advance of trial by written motions and in accordance with the scheduling order of this Court;

      b.    Motions will not be heard during trial without a strong showing that counsel could not, by due diligence, have raised them sooner;

      c.    Testimony will not be interrupted to deal with evidentiary matters that could

have been heard in advance of trial. The Court will consider those matters during recess, at noon break, or at the end of the day. Counsel should be prepared with written authority for their positions; and

    d.    Witnesses who will be testifying from exhibits or about exhibits will be expected to have reviewed them prior to their testimony so as to avoid the need for the witness to take court time to review and get familiar with the exhibit.

IT IS SO ORDERED.

                        /s/ Richard E. Dorr
                        RICHARD E. DORR, JUDGE
                        UNITED STATES DISTRICT COURT

DATED: March 22, 2013