UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARVEL MA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:11-CV-03048-RTD |
| | ) | |
| v. | ) | |
| | ) | |
| THE BOARD OF GOVERNORS OF | ) | |
| MISSOURI STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEENDANT MISSOURI STATE UNIVERSITY'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant Board of Governors of Missouri State University (hereafter "MSU" or the "University"), by and through its attorneys Tueth Keeney Cooper Mohan & Jackstadt, P.C., pursuant to Rule 56 of the Federal Rules of Civil Procedure, and L.R. 7.0 and 56.1, and for its Motion for Summary Judgment states as follows:

1.      Plaintiff asserts two claims in his Second Amended Complaint:  Count I alleges that MSU discriminated against Plaintiff in violation of Title VII based upon Plaintiff's "race/national origin (Chinese/Asian)"; and Count II alleges that MSU tortiously interfered with a contract between plaintiff and "LNU-MSU College of International Business for the 2009-2010 school year."  *Second Amended Complaint*, Doc. 42, ¶¶ 14, 22-26.

2.      Plaintiff's claims border on the frivolous.  As to his discrimination claims, Plaintiff was hired in 2006 to work at Liaoning Normal University's ("LNU") campus in China, teaching Chinese students, surrounded by Chinese staff and faculty, under the direction of a Chinese citizen (Dean Quangcai Dong).  Defendant's Statement of Undisputed Material Facts ("SUMF"), ¶¶ 15, 19, 25-27, 32, 44.  Plaintiff admitted in his deposition that LNU employs

1

numerous faculty members of Chinese ancestry or race at the COIB. *Id.*, ¶ 25.[1] Plaintiff admitted that virtually the entire staff at the COIB is Chinese. *Id.*, ¶ 26. Following his termination, Plaintiff was replaced by another faculty member of Chinese/Asian ancestry/race and/or national origin. Plaintiff claims that an MSU employee, Stephen Robinette, was involved in his termination but Mr. Robinette also allegedly repeatedly re-hired Plaintiff knowing what Plaintiff's national origin, race, and ancestry was. Moreover, Plaintiff admitted in his deposition that he had not one shred of evidence that Mr. Robinette harbored any discriminatory animus against Plaintiff or others of Chinese/Asian ancestry/race and/or national origin. Plaintiff has neither direct nor indirect evidence of discrimination sufficient to support a triable issue of fact in this case.

3.      As to Plaintiff's "tortious interference" claim in Count II, Plaintiff makes the demonstrably false allegation that he entered into a contract with "the LNU-MSU College of International Business for the 2009-2010 school year." *Second Amended Complaint*, Doc. 42, ¶¶ 22-26. In his deposition, however, Plaintiff admitted that he entered into a written employment contract with LNU. SUMF, ¶¶ 43-44; Exhibit G. Most importantly, Plaintiff's tort claims are barred as a matter of law because the University, an arm of the State of Missouri, is entitled to sovereign immunity.

4.      In sum, the University is entitled to summary judgment as a matter of law for four reasons:  (1) MSU was not Plaintiff's employer under Title VII; (2) even if MSU were deemed to be Plaintiff's employer under Title VII, Plaintiff cannot establish a *prima facie* claim of national origin/race discrimination; (3) Plaintiff has no evidence of pretext to overcome the legitimate

---

[1] In the fall of 2009, for instance, LNU employed the following persons of Chinese ancestry as faculty members at the COIB:  Bin Jun Li, Victor Chang, Grace Chen, Charlie Kong, Marvel Ma (Plaintiff), Rachen Che, Chen Xue Brooks (possibly). *Id.*

2

reason articulated for Plaintiff's termination; and (4) the University has sovereign immunity with respect to Plaintiff's claim for tortious interference.

5.    The University incorporates its Memorandum in Support of its Motion, as well as the Exhibits referred to and made a part of the Memorandum, in this Motion for Summary Judgment.

WHEREFORE, the University prays that judgment be entered in its favor and against Plaintiff on all counts and claims, for its costs incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

TUETH KEENEY COOPER
MOHAN & JACKSTADT, P.C.


*/s/ Ian P. Cooper*
Ian P. Cooper                          #32133
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
Telephone:  (314) 880-3600
Facsimile:  (314) 880-3601
Email:  icooper@tuethkeeney.com

-and-

Ryan DeBoef                          #57546
Missouri State University
901 South National Ave.
Carrington 205
Springfield, Missouri 65897
Telephone:  (417) 836-8503
Facsimile:  (417) 836-6777
E-mail:  ryandeboef@missouristate.edu

ATTORNEYS FOR THE BOARD OF GOVERNORS OF
MISSOURI STATE UNIVERSITY

3

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on this 3rd day of September, 2013, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

Jeffrey W. Bruce
Bruce Law Firm
2103 E. 195th Street
P.O. Box 797
Belton, MO 64012-0797
Phone: (816) 322-7400
Fax: (816) 322-7402
Email: bruce.law@att.net

*/s/ Ian P. Cooper*
Attorney

4