UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARVEL MA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 6:11-cv-3048-BP |
| | ) |
| BOARD OF GOVERNORS OF | ) |
| MISSOURI STATE UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

## SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*

COMES NOW Defendant Board of Governors of Missouri State University (the "University" or "MSU"), by and through its attorneys TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C., and in opposition to Plaintiff's Motion *In Limine*, states as follows:

1. In his Motion *In Limine*, Doc. 127, Plaintiff seeks to exclude any evidence pertaining to Dr. Duane Moses.

2. Dr. Moses is at issue in this case due to Plaintiff's claims regarding the instructors available to cover his CIS 232 classes at the LNU-MSU College of International Business ("COIB") after his termination during the Fall, 2009 semester.

    a. In its Motion for Summary Judgment, the University highlighted that Plaintiff was replaced by Joseph Cheong, an individual of Asian ancestry, noting that this fact significantly undermines Plaintiff's claim that he was terminated due to his Chinese/Asian ancestry. Doc. 65.

    b. In his Response to the University's Motion for Summary Judgment,

1

Plaintiff claimed that Mr. Cheong was chosen as his replacement because Mr. Cheong was the only other instructor at the COIB who was qualified and approved to teach Plaintiff's classes and because Dan Shepherd favored Mr. Cheong over Plaintiff because they allegedly both had relationships with students. Doc. 103.

  c. Not only are Plaintiff's claims about the reason Mr. Cheong was chosen to replace him absurd, but his claim that Mr. Cheong was the only instructor qualified to teach Plaintiff's classes is incorrect. Dr. Moses, an Associate Professor in Computer Information Systems from MSU, was teaching classes at the COIB during the Fall, 2009 semester and was qualified to teach Plaintiff's classes. Plaintiff even admitted this fact during his deposition.

3. Plaintiff argues that evidence regarding Dr. Moses should not be admitted because the University has not established that Dr. Moses had a contract with Liaoning Normal University ("LNU") during the Fall of 2009. However, whether Dr. Moses had a contract with LNU or not does not affect whether or not he was qualified and able to cover Plaintiff's classes after his termination.

4. Furthermore, Plaintiff has not cited to any Rules of Evidence or case law supporting the exclusion of evidence concerning Dr. Moses, nor has he provided any legal basis for doing so.

5. Should Plaintiff claim at trial that Mr. Cheong was his only available replacement (as he did in his Response to the University's Motion for Summary Judgment), the University should have the opportunity to lay the foundation and introduce evidence concerning Dr. Moses and his qualifications.

2

Case 6:11-cv-03048-BP   Document 152   Filed 10/07/14   Page 2 of 3

6. The University should not be precluded from responding at trial to Plaintiff's incorrect claims regarding his replacement, and Plaintiff's Motion *In Limine* regarding Dr. Moses should be denied.

Respectfully submitted,

TUETH KEENEY COOPER
MOHAN & JACKSTADT, P.C.

/s/ *Ian P. Cooper*
Ian P. Cooper #32133
Mollie E. Hennessee #61647
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
Telephone: (314) 880-3600
Facsimile: (314) 880-3601
Email: icooper@tuethkeeney.com
Email: mhennessee@tuethkeeney.com

**ATTORNEYS FOR THE BOARD OF GOVERNORS OF MISSOURI STATE UNIVERSITY**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 7th day of October, 2014, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record. In addition, the foregoing was served by electronic mail upon the following:

Marvel Ma
2019 Weldon Blvd.
Ann Arbor, MI 48103
Email: marvelwork@gmail.com

/s/ *Ian P. Cooper*