IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARVEL MA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-03048-CV-S-BP |
| MISSOURI STATE UNIVERSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on Defendants' Motion to Strike Undisclosed Witnesses from Plaintiff's Witness List. (Doc. 156.) For the following reasons, the Motion is **GRANTED in part**, **DENIED in part** and **DEFERRED in part**.

Plaintiff filed his Witness List which included 29 proposed witnesses. (*See* Doc. 146.) Defendants then filed the Motion to Strike Undisclosed Witnesses, which sought to strike 23 of the witnesses listed by Plaintiff because the witnesses were (1) not properly disclosed; (2) irrelevant; and/or (3) cumulative. The Court held a telephone conference regarding this issue on October 20, 2014. At that time, Plaintiff submitted a revised Witness List which included 22 witnesses. During that conference, the Court determined Plaintiff is permitted to call Stephen H. Robinette, James P. Baker, and David B. Meinert. Plaintiff further indicated Frank Manuel and Richard Stecz would only be called as rebuttal witnesses, if necessary. The Court deferred ruling on the admissibility of such testimony until trial. The Court also ruled that Plaintiff is allowed to call no more than two witnesses from his list of witnesses who "may be called" to testify on the issue of joint employer. Further, the Court requested Plaintiff provide additional information

regarding his basis for calling Clifton M. Smart, Defendants' former general counsel and current president, to determine if his testimony would be relevant and admissible.

In response to the Court's request, Plaintiff indicated he wished to question Smart regarding four areas: (1) Smart's involvement in drafting the LNU-MSU College of International Business contract addendums and documents setting employment conditions for faculty; (2) Smart's handling of the Missouri Commission on Human Rights ("MCHR") complaint filed by Ma; (3) Smart's interaction with Defendants as general counsel unrelated to this litigation; (4) Smart's knowledge of the relationship between Liaoning Normal University ("LNU") and Defendants based upon his current position as president. Plaintiff further provided documents to support Smart's knowledge regarding these areas.

Smart's drafting of agreements, handling of the MCHR complaint, and interactions with Defendants during his time as general counsel would be covered by attorney-client privilege. *See Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977) (finding attorney-client privilege covers communications made in confidence where legal advice is requested from a lawyer in his professional capacity). The documents provided by Plaintiff do not show what relevant information may be elicited by questioning Smart regarding the responses made to the MCHR complaint. Further, Plaintiff has not shown Smart has any knowledge regarding Defendants' relationship with LNU that is different than that of other witnesses he will be allowed to call. Because Smart's knowledge is either based upon privileged communications, irrelevant, or duplicative of other employees of Defendants, Plaintiff will not be allowed to call Smart.

2

Accordingly, Defendants' Motion to Strike Undisclosed Witnesses is **GRANTED** as to Jeff P. Morrissey and Clifton M. Smart, and **DENIED** as to James P. Baker and David B. Meinert.  The Court **DEFERS RULING** on the remaining witnesses listed.

**IT IS SO ORDERED**.

/s/ Beth Phillips
**BETH PHILLIPS, JUDGE**
UNITED STATES DISTRICT COURT

DATE:  November 5, 2014