UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARVEL MA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:11-cv-3048-BP |
| ) | |
| BOARD OF GOVERNORS OF ) | |
| MISSOURI STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S SECOND REVISED MOTION *IN LIMINE*

COMES NOW Defendant Board of Governors of Missouri State University (the "University" or "MSU"), by and through its attorneys TUETH KEENEY COOPER MOHAN & JACKSTADT, P.C., and hereby moves for an order *in limine* precluding Plaintiff and any witnesses called by Plaintiff from mentioning to the jury or introducing into evidence any matters relating to the following:

1. Evidence of alleged discriminatory comments by Dan Shepherd;

2. Evidence of statements allegedly made by individuals employed by LNU who work/worked in the COIB academic program;

3. Evidence of alleged absences of other instructors at the COIB and subsequent treatment or discipline;

4. Evidence of the salary or pay of instructors at the COIB other than Plaintiff and any alleged disparate pay among such instructors;

5. Evidence of any alleged misconduct of Dan Shepherd unrelated to Plaintiff's termination or employment, including evidence relating to any alleged relationship

between Shepherd and a student, evidence relating to Shepherd's relationship with other instructors and staff at the COIB, and evidence relating to Shepherd's resignation as Associate Dean of the COIB;

6. Evidence of any alleged misconduct of Mike Coutts, including evidence relating to any alleged claims of sexual harassment or any alleged relationship between Coutts and a student;

7. Evidence of any alleged misconduct of other LNU employees who worked as instructors at the COIB unrelated to missing classes or absenteeism;

8. Evidence regarding the alleged improper termination or non-renewal of other LNU employees who worked as instructors at the COIB;

9. Evidence regarding any complaints from current or former students or instructors regarding the COIB, LNU, or MSU that are unrelated to Plaintiff's claim that he was terminated due to his Chinese race or national origin;

10. Evidence of Plaintiff's performance as an instructor at the COIB unrelated to missing classes or absenteeism;

11. Evidence of MSU's internal audit of the COIB and any other articles, publications, evidence, or testimony detailing operational concerns or problems with the COIB;

12. Evidence, inquiry, or comment suggesting that MSU or LNU engaged in any improper behavior relating to the litigation Plaintiff pursued against LNU in China;

13. Audio recordings;

14. Evidence, inquiry, or comment regarding claims for back pay and housing allowances;

2

15. Evidence, inquiry, or comment regarding claims for prejudgment interest on an award of back pay and/or compensation to off-set any alleged adverse tax consequences due to a lump sum payment of back pay;

16. Evidence of claims for front pay;

17. Evidence regarding punitive damages;

18. Evidence of Plaintiff's attorneys' fees and court costs incurred as part of the litigation he pursued against LNU in China;

19. Evidence of Plaintiff's financial condition;

20. Evidence regarding the University's insurance coverage;

21. Exhibits identified in Plaintiff's proposed Exhibit List but not provided to the University in accordance with the Court's October 10, 2014 Order;

22. Witnesses identified in Plaintiff's proposed Witness List other than those approved in accordance with the Court's November 5, 2014 Order and/or identified by Plaintiff in correspondence with the University's counsel on April 1, 2015;

23. Conclusory statements and speculation, inquiry, or comment about the intent or state of mind of others;

24. Inquiry or comment regarding attorney-client matters;

25. Evidence of settlement offers and responses and discussions related thereto;

26. Inquiry or comment about testimony of other witnesses; and

27. Equally available (or unavailable) evidence.

WHEREFORE, for the reasons set forth herein and in the accompanying Suggestions in Support, which are incorporated herein by reference, the University respectfully requests that the

3

Court enter its order, *in limine*, prohibiting Plaintiff and any witnesses called to testify on behalf of Plaintiff from mentioning or entering into evidence any matters referred to above, and for such further relief as this Court deems just and proper.

>Respectfully submitted,
>
>TUETH KEENEY COOPER
>MOHAN & JACKSTADT, P.C.
>
>*/s/ Ian P. Cooper*
>Ian P. Cooper  #32133
>Mollie E. Hennessee #61647
>34 N. Meramec, Suite 600
>St. Louis, Missouri 63105
>Telephone:  (314) 880-3600
>Facsimile:   (314) 880-3601
>Email:  icooper@tuethkeeney.com
>Email: mhennessee@tuethkeeney.com
>
>**ATTORNEYS FOR THE BOARD OF GOVERNORS OF MISSOURI STATE UNIVERSITY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 31st day of July, 2015, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

George Smith
Johnston & Smith, LLC
2800 Forum Blvd. Suite 3
Columbia, MO 65203

/s/ *Ian P. Cooper*
Attorney

5

Case 6:11-cv-03048-BP   Document 174   Filed 07/31/15   Page 5 of 5